UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LESVEY MATOS,

    Plaintiff,

v.                                         CASE No. 8:06-CV-1483-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]

    Defendant.
_____

O R D E R

The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.[2] Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, the decision will be affirmed.

I.

---

[1] Michael J. Astrue has become the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted for Jo Anne B. Barnhart as the defendant in this suit.

[2] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 24).

The plaintiff, who was forty-seven years old at the time of the administrative decision and who has two years of college, has worked as a medical records clerk, appointments clerk, telephone operator, case aide, case manager, and social service worker (Tr. 594-95). In August 2002, she filed claims for Social Security disability benefits and supplemental security income payments, alleging she became disabled due to depression, daily headaches, tiredness, upset stomach, vomiting, and brain tumor (Tr. 124). The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a <u>de novo</u> hearing before an administrative law judge. The law judge pointed out that, due to prior unsuccessful claims, the period of alleged disability under consideration starts on April 21, 2001 (Tr. 33). Moreover, he noted that the plaintiff's insured status ends on December 31, 2002 (Tr. 34).

The law judge found that the plaintiff suffers from a history of benign pituitary tumor, gastroesophageal reflux disease, hypertension and hepatitis C, which in combination are severe impairments (Tr. 36, 38). The law judge concluded that, despite these impairments, the plaintiff can perform medium level work but with no concentrated exposure to bleaches, ammonia, or noxious odors (Tr. 40). As a result, he determined that the plaintiff can

return to prior work as a medical records clerk, appointments clerk, telephone operator, case aide, and case manager (social service worker) (id.). Accordingly, the law judge decided that the plaintiff was not disabled. The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

A.  In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A).  A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. 423(d)(3), 1382c(a)(3)(D).  The Act provides further that a claimant is not disabled if she is capable of performing her previous work. 42 U.S.C. 423(d)(2)(A), 1382c(a)(3)(B).  In this case, also, the plaintiff must show that she became disabled before her insured status expired on December 31, 2002, in order

to receive disability benefits.  42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952.  There is not a similar requirement with respect to the plaintiff's claim for supplemental security income payments.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence.  42 U.S.C. 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses.  Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971).  Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence.  Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence,

but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

B. The Commissioner's regulations set out what is termed a "sequential" analysis for deciding disability claims. See 20 C.F.R. 404.1520. One of the threshold inquiries (step two) is whether a claimant has a severe impairment. 20 C.F.R. 404.1520(c). An impairment is not severe if it does not significantly limit a claimant's physical or mental abilities to do basic work activities. 20 C.F.R. 404.1521(a). If an impairment is not severe, then a claimant is deemed to be not disabled. 20 C.F.R. 404.1520(c).

When an impairment is severe, a further inquiry (step four) is made as to whether the impairment prevents the claimant from doing past relevant work. 20 C.F.R. 404.1520(e). If a claimant cannot do such work, an additional determination (step five) is made concerning whether the claimant can perform other work which exists in substantial numbers in the national economy.

III.

The plaintiff's claims for benefits were denied by the law judge on November 10, 2004, and that decision subsequently became the final decision of the Commissioner. In the meantime, the plaintiff in August 2005 filed a new application for benefits (presumably supplemental security income) and that claim was granted that same month. The plaintiff called that favorable determination to the attention of the Appeals Council (Tr. 4). In its denial of review, the Appeals Council considered the favorable determination and affirmed it, but concluded that the determination did not warrant a change in the law judge's decision (Tr. 5-6).

The plaintiff bases her first contention upon the Appeals Council's comments regarding the favorable determination. Thus, the plaintiff complains that "the Appeals Council failed to provide Plaintiff with additional evidence that they [sic] used in making a determination that nothing in the Plaintiff's later, successful, application for disability benefits was of import in the prior proceedings" (Doc. 22, p. 8). She asserted further that "it is impossible to tell if, in their [sic] survey of that material, the Appeals Council followed proper legal principles...." (id., p. 9). The plaintiff's argument overlooks that this court is not authorized to review the Appeals Council's denial of review.

The plaintiff's complaint seeks judicial review pursuant to 42 U.S.C. 405(g) (Doc. 1). That section provides pertinently that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party ... may obtain a review of such decision by a civil action commenced within sixty days...." The Supreme Court has said that "[t]his provision clearly limits judicial review to a particular type of agency action, a 'final decision of the [Commissioner] made after a hearing.'" Califano v. Sanders, 430 U.S. 99, 108 (1977). Where the Appeals Council denies review and the law judge's decision becomes the final decision of the Commissioner, it is that decision that is subject to judicial review under §405(g). Correspondingly, the denial of review by the Appeals Council does not constitute the "final decision by the Commissioner of Social Security made after a hearing" and, thus, it is not subject to judicial review pursuant to §405(g). See Sims v. Apfel, 530 U.S. 103, 107 (2000); Falge v. Apfel, 150 F.3d 1320, 1323-24 (11th Cir. 1998), cert. denied, 525 U.S. 1124 (1999). Consequently, the plaintiff's uncertainty whether the Appeals Council followed proper legal principles in reviewing the evidence in the record is immaterial. The Appeals Council's denial of review is not a decision that this

court is authorized to review. <u>Cummings</u> v. <u>Commissioner of Social Security</u>, 2006 WL 250776 at *2 (11th Cir. 2006)(unpub. dec.).

Further, as the Commissioner correctly points out, there is no legal requirement mandating the Appeals Council to articulate its reasons for denying a request for review. Therefore, the Appeals Council did not violate some duty imposed by law to set forth the evidence it considered in denying the request for review.

In addition, I find it implausible that plaintiff's counsel is in the dark regarding the new evidence that led to the plaintiff's award of benefits. Accordingly, if the new evidence would have supported a remand pursuant to the sixth sentence of §405(g), I am confident that plaintiff's counsel would have made such a motion.

For these reasons, the plaintiff's complaint that the Appeals Council did not adequately address the evidence regarding the favorable determination is without merit.

The plaintiff's other contention is that the law judge did not adequately consider the severity of all of the plaintiff's impairments. In particular, the plaintiff complains that the law judge did not adequately evaluate her complaints of fatigue, headaches and a mental impairment.

The plaintiff's fatigue is due to her hepatitis C (Tr. 404, 587), and there has not been a diagnosis of chronic fatigue syndrome. Since the plaintiff's fatigue is a symptom of hepatitis C, the law judge's evaluation of that disorder covers the severity level of fatigue. As indicated, the law judge found that hepatitis C, in combination with other problems, constituted a severe impairment.

This is not a situation where the law judge might have overlooked the complaints of fatigue since the law judge's decision clearly reflects that he considered those allegations (Tr. 35, 36, 37, 38). Significantly, the medical evidence does not reflect that the plaintiff is receiving any specific treatment for fatigue. Moreover, no doctor has opined any functional limitations due to fatigue. In addition, the plaintiff has acknowledged performing a broad range of household chores (Tr. 387), and she watches her eight-year old grandson after school (Tr. 583).[3]

Frankly, I am skeptical of the law judge's finding that the plaintiff can perform medium exertional work, which requires the lifting of fifty pounds occasionally and twenty-five pounds frequently. If it were my

---

[3] At the hearing, the plaintiff said that she does not perform household chores like she used to as a result of chemical odors (Tr. 584). The law judge accounted for this condition in his residual functional capacity.

-9-

call – and it is not – I probably would have limited the plaintiff to no more than light work. Any error by the law judge on this point, however, would be harmless. Thus, the law judge made the alternative finding that, if the plaintiff were limited to light work, she could still perform her past relevant work (Tr. 39). The plaintiff has not pointed to evidence in the record that would compel the conclusion that the plaintiff is unable to perform light work due to fatigue and other impairments.

The plaintiff also challenges the law judge's treatment of her complaints of headaches. The record shows that the plaintiff's headaches were more severe in 1999 when she was suffering from a pituitary tumor. By April 2001, when the period under consideration here commenced, she had been treated for that condition by surgery and radiation. As of December 3, 2001, a progress note reported that she was having occasional headaches (Tr. 350).

At the hearing, the plaintiff testified that she has "rough" mornings and that she wakes up with a headache every day (Tr. 573). There was no testimony that the headaches continue throughout the day and are debilitating.

The medical records since April 2001 reflect occasional complaints of headaches, but those complaints are not constant nor are the headaches alleged to be severe. There is no indication that the plaintiff is receiving specific treatment for her headaches.

The plaintiff argues that the law judge should have said whether the headaches were a severe impairment. Since the law judge clearly considered the plaintiff's allegation of headaches (Tr. 36, 37, 38), he implicitly determined that they were not a severe impairment.

In all events, the law judge's failure to make an express determination on this issue is not reversible error, since the law judge proceeded past the second step of the sequential analysis. The pertinent question is not whether the plaintiff's headaches may be labeled a severe impairment, but whether the plaintiff had functional limitations from her headaches that are not reflected in the finding of the plaintiff's residual functional capacity.

The law judge could reasonably conclude from the evidence in the record that, after April 2001, the plaintiff's headaches did not significantly impair her ability to work. Thus, as indicated, while the plaintiff testified that she wakes up with a headache, she did not say that they last all day or are

severe. Further, her headaches do not interfere with a range of daily activities. And, as mentioned, there does not appear to be any treatment for headaches.

Importantly, no doctor has opined that the plaintiff has functional limitations from headaches. In addition, the plaintiff has not specified what functional limitations she contends result from her headaches and has not pointed to any medical evidence supporting such limitations. Accordingly, the plaintiff has failed to demonstrate that the law judge erred in not finding that the plaintiff had functional limitations due to her headaches.

With respect to a mental impairment, the law judge expressly found that that was a nonsevere impairment (Tr. 38). There is sufficient evidence in the record to support this finding.

The plaintiff was examined (for the second time) by a clinical psychologist, Dr. Gerald Mussenden, on October 14, 2002 (Tr. 385). Dr. Mussenden concluded that the plaintiff was "slightly depressed due to her medical problems and family problems" (Tr. 387). He gave her a Global Assessment of Functioning ("GAF") rating of 65 (id.). That rating indicates "[s]ome mild symptoms ... OR some difficulty in social, occupational, or school functioning ..., but generally functioning pretty well, has some meaningful interpersonal relationships." Diagnostic and Statistical Manual of

Mental Disorders (4th ed.), p. 32.  In light of Dr. Mussenden's report, two reviewing psychologists opined during the pertinent period that the plaintiff did not have a severe mental impairment (Tr. 389, 475) and that she had only mild functional limitations at most (Tr. 399, 485).  This evidence supports the law judge's finding of a nonsevere mental impairment.

      It is noted that a psychiatrist, Dr. Bharminder S. Bedi, gave the plaintiff a GAF rating of 60 (Tr. 545), which is on the border between mild and moderate symptoms.  Diagnostic and Statistical Manual of Mental Disorders (4th ed.), p. 32.  Arguably, this rating is inconsistent with the law judge's finding of a nonsevere mental impairment.  At most, however, the rating would simply raise a conflict in the evidence concerning that issue.  It is the law judge's responsibility to resolve such a conflict.  In all events, Dr. Bedi's GAF rating does not compel a finding of a severe mental impairment in light of the other evidence in the record.  Importantly, under the substantial evidence standard, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. den., 544 U.S. 1035 (2005).

For these reasons, the plaintiff has failed to show that the law judge committed reversible error in his treatment of the plaintiff's allegations of fatigue, headaches, and a mental impairment.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is hereby AFFIRMED. The Clerk is directed to enter judgment accordingly and to close this case.

DONE and ORDERED at Tampa, Florida, this 13th day of August, 2007.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE